UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEY STAR CAPITAL FUND III, L.P.,

    Plaintiff,

v.

TRAY SMITH, et al.,

    Defendants.

_____/

Case No. 2:25-cv-14095

HONORABLE STEPHEN J. MURPHY, III

### <u>ORDER GRANTING MOTION TO REMAND [10]</u>

This is a foreclosure case. ECF No. 10-11. For the second time, Defendant Tray Smith removed the case to federal court to avoid foreclosure in state court. Smith first removed the case in September 2025. *See Key Star Capital Fund III, LP v. Inter-Faith Community Church – Port Huron*, No. 2:25-cv-12803, ECF No. 1 (E.D. Mich. Sept. 5, 2025). The Court remanded the case because removal was not timely. *Id.* at ECF No. 15. Then in December 2025, Defendant filed another notice of removal, "based on a federal question arising from Plaintiff's December 10, 2025 Motion for Appointment of Receiver and the state court's scheduling of a hearing on that motion." ECF No. 1, PageID.1. Plaintiff, again, moved to remand the case. ECF No. 10. Plaintiff moved to dismiss. ECF No. 11. Defendant Smith did not respond to either motion. For the following reasons, the Court will grant Plaintiff's motion to remand.

There are numerous reasons why Defendant's removal is improper. The Court will address just a few.

1

First, removal is still untimely. A notice of removal must be filed within thirty days of the defendant's receipt of service. 28 U.S.C. § 1446(b)(2)(B). Here, Defendant, for the second time, attempted to remove the case well after the thirty-day deadline. Defendant Smith was served with the complaint on July 16, 2025, ECF No. 10-1, PageID.48–49, so the opportunity for removal expired on August 15, 2025.

Removal is also permitted within thirty days of receipt of a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant argued that a federal question arose from a recent motion for appointment of a receiver and the state court's scheduling of a hearing. ECF No. 1, PageID.1–2. And Defendant argued that the receivership "creates a substantial federal constitutional controversy under the First Amendment, including the church autonomy and ecclesiastical abstention doctrines." *Id.* at PageID.1. But that is not sufficient for removal. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). That rule, subject to just a handful of exceptions not applicable here, has been the law of the land for over 100 years. And it means that Defendant cannot use a First Amendment defense to get into federal court. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) (noting that "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense"). Finally, a counterclaim cannot

serve as the basis for federal question jurisdiction. *See Towerco 2013, LLC v. Berlin Twp. Bd. of Trs.*, 110 F.4th 870, 887 (6th Cir. 2024).

Furthermore, not all Defendants consented to removal. Only "Defendant Tray Smith, appearing pro se" filed the notice of removal on December 19, 2025. ECF No. 1, PageID.1; *see Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003) ("Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days . . . ."). Plaintiff correctly argued that Defendant Smith cannot unilaterally remove a case without the consent of the eleven other Defendants. ECF No. 10, PageID.34–35.

Finally, while the Court will not sanction Defendant Smith at this time, Defendant is now on notice that any further attempt to manipulate the state court proceedings through improper removal to federal court will result in sanctions. Both instances of removal have been meritless, and at the very least, appear to be timed to avoid an impending proceeding in state court.[1] Accordingly, the Court will not countenance any further frivolous removal attempts.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to remand [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court shall **REMAND** the case to 31st Circuit Court for St. Clair County, Michigan.

---

[1] Defendant Smith appears to be attempting to same tactics in a separate dispute involving the same Church. *See Smith v. Shoulders*, Case No. 2:25-cv-12165 (E.D. Mich. 2025); *Shoulders v. Smith*, Case No. 2:26-cv-10624 (E.D. Mich. 2026).

**IT IS FURTHER ORDERED** that the motion to dismiss [11] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 14, 2026